UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| STEVEN MARTINEZ, ) | |
| ) | |
| Petitioner, ) | Civil No. 6:21-059-HRW |
| ) | |
| v. ) | |
| ) | |
| C. GOMEZ, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Steven Martinez is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky.  Proceeding without a lawyer, Martinez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [D. E. No. 1].  This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  For the reasons set forth below, the Court will deny Martinez's petition.

In 1996, Martinez was convicted of murdering a postal worker and robbing a postal truck, among other offenses, and the trial court sentenced him to life in prison. *See United States v. Martinez*, No. 1:95-cr-284-LAK (S.D.N.Y. 1995).  Martinez appealed, but his convictions were affirmed by the United States Court of Appeals for the Second Circuit, and the United States Supreme Court denied his petition for a writ of certiorari.  *See United States v. Gallego*, 191 F.3d 156 (2d Cir. 1999), *cert.*

1

*denied, Martinez v. United States*, 528 U.S. 1127 (2000). Martinez then filed a postconviction motion pursuant to 28 U.S.C. § 2255, but the trial court denied that motion and the Second Circuit denied him a certificate of appealability. *See Martinez v. United States*, No. 1:01-cv-1172 (S.D.N.Y. 2001).

Martinez then filed a § 2241 petition with this Court. *See Martinez v. Gomez*, No. 6:21-cv-008-HRW, at D. E. No. 1 (E.D. Ky. 2021). In that petition, Martinez put forth two claims, both of which claimed that the Department of Justice (DOJ) and the Bureau of Prisons (BOP) were improperly confining him in violation of 18 U.S.C. § 4001. [*See id.* at 5]. Martinez asked the Court to order his prompt release. [*Id.* at 8]. The Court, however, denied Martinez's § 2241 petition because it constituted an impermissible collateral attack on his underlying convictions. *See Martinez*, No. 6:21-cv-008-HRW, at D. E. No. 4.

Nevertheless, Martinez has now filed another § 2241 petition. [D. E. No. 1]. In that petition, Martinez once again claims that the DOJ and BOP are holding him in violation of § 4001. [*See id.*]. Martinez then asks the Court to order his immediate release from his "illegal imprisonment." [*Id.* at 8].

Martinez's latest § 2241 petition, however, once again constitutes an impermissible collateral attack on his underlying convictions. As the Court has explained, while a federal prisoner may challenge the legality of his convictions on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition.

*See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Martinez cannot use a § 2241 petition as a way of challenging his convictions.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate, among other things, that an intervening change in statutory law from the United States Supreme Court establishes his actual innocence. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Here, Martinez has not made such a showing. In fact, Martinez has not clearly identified any intervening change in statutory law, let alone one that establishes his actual innocence. Instead, it appears that, at most, Martinez is trying to litigate claims that could have only been asserted on direct appeal and/or in a § 2255 motion. That is simply not proper in a § 2241 action. *See also Martinez v. Coakley*, No. 3:19-

cv-059-GMG (N.D. W. Va. 2019) (Martinez filed a § 2241 petition, the trial court denied it, and the Fourth Circuit affirmed).

Accordingly, it is **ORDERED** that:

1. Martinez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. All pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 16th day of April, 2021.

Signed By:
Henry R Wilhoit Jr.
**United States District Judge**